## AUTHEMENT v. LOVELL et al.
### No. 1366.

Court of Appeal of Louisiana. First Circuit.
June 30, 1934.

C. A. Blanchard, of Morgan City, for appellants.

Harris Gagne, of Houma, for appellee.

ELLIOTT, Judge.

Alphonse Authement brought what appears to have been intended by him as a possessory action against Vincent Lovell, Whitney Lovell, and Perry Lovell to compel them to depart from certain lands on which he alleges they entered without his knowledge and against his consent and engaged in trapping. The petition alleges ownership and possession of section 21 and possession, as lessee, of section 16, described in his petition. His petition further alleges that an injunction is necessary in order to stop defendants, their agents and employees, from taking possession of said land.

Defendants appeared and excepted to plaintiff's petition on the ground that it sets forth no right or cause of action, and at the same time, reserving all rights under their exception, they filed an answer, setting up ownership and possession in Walker Lovell and Sidney Lovell of certain lands described in their answer. The answer alleges that Walker Lovell and Sidney Lovell have actual physical possession of said land as owners; that defendants are in possession as lessees under the owners, and have been for more than a year previous to the institution of the suit. They pray that plaintiff's suit be dismissed at his cost and for general and equitable relief.

The minutes show that by consent of parties argument on the exception and a hearing on the rule for a preliminary injunction were fixed for the same day. A further entry shows that the court ruled: "That the exception filed herein on behalf of the defendant was this day argued and submitted to the court and taken under advisement pending decision of the rule for preliminary injunction. The rule for preliminary injunction was thereupon taken up for trial on its merits, the introduction of evidence begun and finally concluded and after hearing the evidence adduced and argument of counsel * * * the court rendered judgment."

The judgment rendered sustained the exception of no right or cause of action as to section 16, and overruled the exception and granted an injunction prohibiting defendants from trespassing on section 21. Defendants have appealed.

When the rule to show cause why a preliminary injunction should not issue was called, defendants objected to any and all evidence to establish acts of real possession of the property and to any and all evidence, adduced for the purpose of showing possession for a year prior to the filing of the injunction proceedings, on the ground that there are no allegations in the petition to sustain the admission of such evidence, counsel stating that his objection was a general objection to apply to all evidence of that nature. The note of testimony does not show any ruling by the court on the objection, but, taking into account the minute entries and the objection in the note of testimony, we

find that defendants have not waived their rights under the exception.

■ The plaintiff has not appealed nor answered the appeal taken by the defendants nor filed any brief in support of the judgment rendered. That part of the judgment rendered, which sustained defendants' exception of no right or cause of action in so far as concerns section 16, is therefore final. The only question brought up by the appeal is as to the action of the court in relation to section 21, T. 20 S., R. 16 E., southeastern land district of Louisiana, west of the Mississippi river, situated in the parish of Terrebonne, of which the plaintiff alleges that he is the owner and possessor.

Defendants urge that the lower court erred in not sustaining their exception in regard to this section. The land described in defendants' answer and of which they allege possession as lessees under Walker and Sidney Lovell is described as "3½ arpents of land on the left descending bank of Bayou Dularge, said property being bounded above by Stanley Liner and below by Section 16, and that the deeds of Walker Lovell and Sidney Lovell describe the property as depth of survey. That under the term, depth of survey, the said Walker Lovell and Sidney Lovell took actual, corporeal and physical possession of said tract of land to a small stream or bayou in the rear of said property known as Bayou Charlie." We take it from averments in the petition that defendants are trapping on lands forming part of section 21, all of which is claimed by plaintiff. We further take it that the Lovell land is part of the same section, but we cannot determine the extent, except that defendants are limited to the area claimed in their answer.

■■ As plaintiff's action is possessory, he must set out a right and cause of action under the Code of Practice, art. 49, and Civil Code, arts. 3454, 3455, and 3456. For the purpose of acting on the exception, we take into account all the averments in the petition, including the prayer. The relief prayed for is that there be judgment in plaintiff's favor declaring him to have been in due and legal possession of said section for more than a year, and that the preliminary injunction be made perpetual.

To constitute a possessory action, the petition must aver real and actual possession of the property as owner at the instant when the disturbance occurred, and, except when the petition avers an eviction by force or fraud, the plaintiff must further aver that he has had that possession quietly and without interruption for more than a year previous to his being disturbed. The petition does not contain the averments necessary in order to constitute a possessory action. Consequently, it is open to the exception urged by the defendants against it.

We understand from the petition that the land in question is marsh land of the kind inhabited by fur-bearing animals; that trapping and grazing are practically the only uses to which the land can be applied. There is nothing said about minerals, so we need not take that possibility into account. Real, actual possession of the kind of land in question is usually not manifested, except in the way stated. Yet a possession such as our Civil Code and Code of Practice provide for must have a certain, definite extent, which may be pointed out and recognized as its limits.

The possessory action, which we have, is a creation of our Code of Practice. Article 49 states its essentials, and, when not alleged, no matter what the character of the land, the action may be resisted in the way stated.

For these reasons, the judgment appealed from to the extent that defendants' exception of no cause of action is overruled in so far as concerns "3½ arpents of land on the left descending bank of Bayou DuLarge, said property being bounded above by Stanley Liner and below by Section 16, that the deeds of Walker Lovell and Sidney Lovell describe the property as depth of survey. That under the term, depth of survey, the said Walker Lovell and Sidney Lovell took actual, corporeal and physical possession of said tract of land to a small stream or bayou in the rear of said property known as Bayou Charlie," is held to be erroneous, and the judgment appealed from is, to the extent mentioned, annulled, avoided, and set aside, the said exception is now sustained, and plaintiff's suit dismissed as in case of nonsuit at his cost in both courts.